your request for two minutes is granted and we follow the usual procedures in terms of time I'll time it I suggest you time yourself as well so you're not surprised I remember being in your seat how quickly 15 minutes went so but so mr. Bernstein you've got 13 minutes to argue your case and you may proceed thank you very much your honor may it please the court again Bruce Merenstein on behalf of appellant David best the primary issue in the appeal is whether or not the trial court should have dismissed mr. best 2255 motion without holding an evidentiary hearing the standards that govern this question are well established they are derived directly from the language of the the two key standards are two key factors to consider our number one that mr. best allegations in the motion must be accepted unless they are clearly frivolous indeed the Supreme Court has said even if they are improbable those are at the Supreme Court's words even if they are improbable they still must be accepted as true at this stage we're not talking about to be perfectly clear whether or not mr. best is entitled to the ultimate relief of a new trial at this point the only question is whether he should have been entitled to a hearing and for that evaluation his allegations are accepted as true and less clearly frivolous and second that ultimately in deciding whether or not to grant a hearing the motion should not be denied without a hearing unless the motion and the record conclusively show conclusively show that the movement that mr. best is not entitled to really and I submit that given those well-established standards which sets a very essentially a low standard for mr. best to meet to get a hearing not to get the ultimate relief that he's seeking but to get a hearing and sets a very high threshold for the trial court to dismiss the motion without a hearing that given the circumstances here the trial court did err and not granting mr. best a hearing and those those circumstances are very basic mr. best alleged in his motion that he saw mr. Levinson his trial counsel sleep on several occasions he said that a preliminary investigation had shown and of course if a hearing was allowed there would have been more testimony on the record about this that the court could have evaluated but a preliminary investigation had shown that other the jurors had seen the same thing that his investigator had spoken to the jury foreman the jury foreman had said yes we noticed that we talked about it we joked about it we laughed about it so there is at least at those allegations which are not by any stretch clearly frivolous that should have been accepted as true and moreover at least for the council there they're also not clear at all you know we've got no affidavit no anything he just says the jury foreperson is you know saw and they talked about the sleeping besides him saying it we've got nothing to go on it and with respect to well maybe maybe you can just react to that sure in that we don't dispute that but I but I think it's clear from 2255 in the rules governing 2255 such as rule 2 which governs the content of a motion rules 4 and 7 which govern what happens after the motion and responses filed that mr. best was not required to support his allegations with actual evidence affidavits declarations etc that there certainly could have been an interim step and that's contained in rule 7 of the rules governing 2255 motions it's it's sort of laid out more expressly in the commentary to the rules that if the court had the same concern that Geronimo has just expressed what the court could have done and should have done under the standards is given mr. best an affidavits to expand the record perhaps take discovery but at a minimum to do exactly what your honor just asked about and then evaluated the expanded record under those standards that I outlined earlier is it still clearly is it clearly frivolous the allegations is it conclusively shown that he's not entitled to relief and the court may have concluded that at that time I'm not suggesting that would have been correct or not correct but we never got there he wasn't given that opportunity and again the rules make clear that that's a possible interim step between dismissal at the pleading stage in an actual hearing but mr. best was not obligated under the statute under the rules under any precedent of this court to present those affidavits with his motion he did what he was the problem is that the one specific thing in the petition deals with Feltner's testimony and the judge not only explained what the judge's testimony was not really substantial this case well and you're correct that that's the one thing that's mentioned specifically but it's also clear I think from the allegations and in the motion that that was not the only time that mr. best saw mr. Levinson sleeping I mean he he is being honest in a statement that is being you know presented and verified under penalty of perjury that this is recollection that he can put into this motion at this time which is that he saw him sleep on several occasions that the some jurors also saw that and commented on it the one that he could remember specifically at that point was that particular witness but that's not the only one I mean it's it's clear that his motion does not say I saw him sleep once it was during the what would have been the cross-examination of this witness and he didn't cross-examine her and therefore I'm entitled to relief that's not his allegations I mean if those were his only allegations you know I'll accept for present purposes that the trial court could look at that one instance and can conclude that that's not substantial and that doesn't meet the requirements for relief but that's not the only allegations there are the allegations that he saw him sleeping on several occasions there are other observers I mean if you look at the other cases the similar cases from other circuits what usual what happens in those cases is after the motion is filed or if it's a habeas case after the habeas petition is filed there is a hearing and all of this is explored often it is the defendant and the jurors who are the key witnesses they're the ones who observe this sometimes there's others of other observers as I believe there would be here if a hearing had been held I mean this isn't a key question mr. Marenstein what constitutes the record because if if the obviously if if the judge hearing the the petition or the motion were different than the trial judge then that judge has nothing to offer but this is one of those cases that I think is more common where the judge presiding over the the motion was also the trial judge so isn't the seminal question whether that trial judge who sat and presided at the trial has the ability to sort of interpolate his or her own recollections into the record prior to holding a hearing under 2255 I think that is an important question here and I think what what the case law shows and there's not a lot of case law in this but if you look at for example this most recent Supreme Court case that the government cites and it's you know and as you know the government was a lot of weight on the trial courts observation if you look at the Massaro case what the court said there was is that the trial court if it's the same judge who oversaw the original trial the trial courts you know personal experience observations are relevant in evaluating the evidence presented at the evidentiary hearing and I think that that's you know that's not something we take issue with I think that if the same judge who oversaw the original trial is the judge who see who adjudicates the 2255 motion oversees the evidentiary hearing is going to be making credibility determinations ultimately is gonna be making findings a fact that are subject to very you know deferential standard review of clear air review I think at that stage to the extent it's relevant to the issues in the motion the judge can take into account his or her recollection of what happened at the original trial that's very you're not you're not so you're not suggesting that at that evidentiary hearing that the judge needs to go on the witness stand and give testimony the way any other witness in the evidentiary hearing would no I'm not suggesting that and I'm not suggesting then then if if the judge if the judge at the evidentiary hearing is empowered to just sort of from on high without being sworn in without being put in the witness box to just say look I presided over this trial and I disagree I didn't see any I had good sight lines and I didn't see anybody sleeping if the judge you've conceded is entitled to do that at the evidentiary hearing why isn't that judge entitled to do that prior to the evidentiary hearing as occurred here well two answers if I didn't take a step back I'm not conceding the judge could do precisely what your honor just suggested what I think the case is and again there's not hold on there hold on there are only two possibilities that I see and correct you tell me what the third or fourth are the two possibilities are that the judge is sworn in as a formal witness and takes the witness stand is subjected to direct and cross-examination or the judge sits on high on the bench and just puts on the record what he or she observed at the trial are there any other options I do think there's another option I think again I think it's exactly what the Supreme Court I think approved in passing in Massero which is the court evaluates what the judge hears at the hearing because the judge is gonna have to make factual findings and then ultimately a conclusion about the status of the 2255 motion that the judge can evaluate that through the lens of his or her experience recollection observations which is different than saying that the judge can put into the record which I think is what happened here you know I think that's different than saying the judge can put into the without getting on the stand without testifying here is what happened at the original trial I think to the extent it's not in the black and white record and the transcripts and the pleadings if it's not in there I think the judge is allowed to again consider the judge doesn't have to pretend that he or she wasn't there at the original trial when evaluating what the judge is hearing from the witnesses and in evaluating the evidence presented at the hearing so that's number one but number two whatever the judge is permitted to do after the hearing I think it's very different at the pleading stage where the question is whether or not the allegations are clearly frivolous and you know to take a slightly different care very different case where all the defendant does is say I saw that my my counsel sleeping a substantial amount of time period no details nothing about anybody else no other evidence there's not another case as there is here where the same counsel had been found to be at the pleading stage says you know that's not my recollection at that point I think you've got a closer case because all you have is a ball you sure you certainly do have a closer case I think that's an excellent point you make however we did say in the Nicholas case I know it was some years ago back in 85 but we said in the Nicholas case if the record supplemented by the trial judge's asserted by the defendant in support of his motion etc and then we reaffirmed that that same principle in the Donahue case which is a not presidential opinion you're probably familiar with just from last year so you know how do you get how do you get around that if you know if the judge is able to supplement the record with his own personal knowledge as occurred here how do you get around that being how do you say that's an abuse of discretion particular light of judge G. Garris's question that your client hardly proffered compelling evidence there were 26 witnesses Feltner was 25 out of 26 she was insignificant she talked about this what the pharmacy looked like after the burglary and your client had admitted to the burglary so where's the abuse of discretion here well there's a few there's a few questions there I think that assuming that Nicholas held and I think that it's questionable because really the focus in Nicholas was on the fact that essentially was whether or not a juror could essentially impeach the verdict and that really was the focus I believe of the majority opinion but even accepting that Nicholas says that a trial judge can consider his or her personal knowledge of what happened at the original trial at the pleading stage again I don't think that's this case I think it's very different than the hypo that I had just presented where there's nothing but a bald statement that my my lawyer slept through a substantial part of the trial period here again you have some details you have the defendant honestly saying this is the one that any other witness besides Feltner that was identified not in the pleadings but again you've got a specific you've got a specific pleading that he slept during Feltner's testimony and that that prevented the lawyer from being able to cross Feltner and other than that it's just it's just vagaries isn't it again if you look at for example the some of the other cases where the other circuit courts have held that there was sufficient evidence not just for a hearing but for a new trial and we're not even close to that yet the question here is just whether mr. best is entitled to a hearing you look at in those cases it's no greater in many of cases then his test his allegations in his complaint but he has more here again he's got a preliminary investigation that indicates that other the jurors saw the same thing again the trial court at a minimum at a minimum should have taken the interim step that the rules provide for of allowing mr. best to expand the record with affidavits and at that point again if all he had was you know say the testimony of Feltner and that was it perhaps then you've got a case but at the pleading stage he's got more than that and that should be sufficient under the standards under again the low standard low threshold for getting a hearing or at a minimum for being allowed to expand the record under rule 7 to be able to introduce the affidavits again the preliminary investigation shows anything in the Record Council that says he sought to supplement the record I mean obviously we all know that the judge wasn't impressed and you know what wouldn't the next move be to supplement the record to something else to consider well I don't think he had that opportunity I mean this is essentially as if it was just you know this is essentially a dismissal on a motion to dismiss so he he filed a motion that sought a hearing it sought to expand the record it's not discovery under rule six and seven so he sought all of that in his motion the government responded in the trial court dismissed it without a hearing or allowing for further development so I don't think he had the right to do that unless the court had granted it which it didn't and so again I think that at a minimum that's your my point is he didn't ask to supplement the record well he did in his motion it is in the motion your honor it's very explicit in the motion that he asks to be able to take discovery and but none of that's permitted under the rules of a 2255 motion without the court's approval and so rather than give that approval the court the court concluded that essentially that his allegations were clearly frivolous and that it was conclusively shown that he was not entitled to relief and that's the standard and and I think that that's where the air was I see that my time is up time is up judge Hardiman judge matey anything else okay thank you we'll get you on rebuttal thank you miss Erwin sorry we can't hear you that better yeah that's better thanks thank you Laura Erwin from the US Attorney's Office on behalf of the government in this case the district court properly denied mr. best an evidentiary hearing and our position stems from three things that happened in this case two of which relate to the affidavit and one of which relates to the motion the affidavit suffered from a lack of specificity while it's true that he did identify one instance it's important to remember that he devoted one paragraph in his Mr. Levinson's alleged sleeping and he said this during the trial I recall Mr. Levinson nodding off and falling asleep on several occasions one occasion was during the testimony of a medfast pharmacy technician this instance remained clear in my mind because he could not and did not cross-examine the witness mr. best provided no other information about these other instances and it's important to remember two points that when we consider this my opponent that the court can properly consider the attorney's allegations as to what other people saw during the trial there's I've not seen any cases that allow that to happen it has to be in the affidavit of the defendant which in this case was counseled this is not a pro se litigant that has given some leniency this is a counseled affidavit the other thing to remember is this is not a complicated claim of ineffective assistance this isn't like what we often see in terms of you know my prior convictions shouldn't qualify as a career offender predicate or an asset for fat predicate where everybody's confused lawyers and litigants alike this is an instance where mr. best claims to have seen with his own eyes things that happened during his trial he sat next to mr. Levinson so there's no explanation for why he can't provide more detail he didn't try to explain why he had no more detail he did attach an affidavit for mr. Levinson in which mr. Levinson addressed other claims but mr. Levinson never addressed whether or not he slept and in that respect it is important to remember the deceded decision which is the decision also involving mr. Levinson that mr. best site in that case mr. Levinson never denied that he slept he admitted it during the trial and he admitted it at the evidentiary hearing so there's again that gap the affidavit is also self-contradictory at sentencing mr. best swore under oath that he was satisfied with mr. Levinson he was asked several different questions that's at the supplemental appendix at 139 and 40 but in his affidavit he provides no explanation as to why he said those things perhaps mistakenly clearly that could have happened but his affidavit does not explain that that omission he doesn't explain why he didn't object at trial he doesn't explain why he didn't raise the issue on direct appeal as a straight claim of deprivation of counsel he doesn't explain why he stayed with mr. Levinson through direct appeal if in fact he was so dissatisfied with mr. Levinson and he also doesn't explain why it took him so long to come forward with this information his trial was in 2014 and he didn't file his 2255 until August of 2017 which was several months after the issuance of the Nesita decision mr. best position in his brief is that he gets over the hump of a frivolous allegation by comparing his case to mr. Nesita's and saying that this shows that mr. Levinson engaged in argument but I mean true enough sir I just lost you on my video but you can still hear me correct I can hear you yep great yes okay well here's my point my point is yeah I don't we're talking about Feltner a lot it's the one thing that was specifically specifically identified but as your as your friend points out he didn't limit it to the Feltner examination there are areas and we're at sort of an introductory stage here how do we deal with that we deal with it the way the courts dealt with it in the past this is not a pro se litigant he he had other instances which he claims he did at the time he signed his affidavit there's no reason why he could not have put those other instances in his affidavit I appreciate that maybe the investigation was ongoing but when he swore to his affidavit he said there were other attorney does that answer your question your honor yes yes okay going back to the Nesita decision and in the argument that his claim is not clearly frivolous because mr. Levinson did this on a different occasion and shows consistent behavior our position is doing something twice in a four-year span does not give rise to consistent behavior second I think mr. best has this backward if mr. best if mr. Livingston slept at mr. best trial that was in 2014 Nesita didn't happen until 2017 so whatever mr. best did in 2014 wasn't consistent with anything the best that can the most that can be said is that mr. Nesita could have said mr. best is saying consistent behavior because he did this back in 2014 had mr. Nesita known about it so our position is that that does not get him over the clearly frivolous hump to the extent that he why I think the district court did not air is the record which is the court has been focusing quite a bit on it's our position that ask you a question I'm sorry I just want to refocus you a little bit your adversary came out of the box with the statute which is where we all start the motion of files and records of the case conclusively show that the prisoner is entitled to no relief and that's sort of where we have to start here does does the record show that that at this moment that mr. best is not entitled to relief and does it conclusively show that it does conclusively show that your honor for the reasons I stated with regard to the affidavit and also because of the record itself the district court properly relied on its own recollections even without an evidentiary hearing which this court allowed in the Nicholas decision it's important to remember we're talking about an article 3 judge here whose job it is is to oversee trials and had mr. best said something during his trial he would have gotten on the record the district courts impressions of what had happened mr. best wants his impressions now to be heard without hearing what the district courts impressions were and the district courts impressions were he never said I saw absolutely everything and I'm based on what I saw I did not see this happen so when you combine that with the infirmities of the affidavit and the fact that it seems to be agreed that the medfast pharmacies testimony her testimony was not a substantial portion was not a critical stage so mr. best is not entitled to relief he's not entitled to an evidentiary hearing when he files a counseled affidavit of this can rely on its own recollections and you know he takes issue with the Nicholas decision but at page 1075 the court wrote we find one that the record and the trial judges personal observations in this case negate an allegation of jurors Fleming's inability to hear that's the holding of that case that is exactly what happened there and I respect that my opponent has a different reading of that but that's a direct quote where the court is saying what they're finding so that's our position that it did conclusively show the pleadings and the record conclusively showed that mr. best was not entitled to relief or an evidentiary hearing if there's any other questions on that part of my argument I'd be glad to entertain them I'm happy to discuss chronic the issue of prejudice or any of those things that the court would like unless there's any questions from my colleagues you can move on so we get to that point where there's absolutely you know our position is clear that he's conclusively not entitled to relief the court correctly determined that chronic did not apply because even if Feltner had been a witness during which mr. Levinson slept her testimony was duplicative of other testimony it did not bear on any of the issues at trial because she had no personal knowledge with regard to the burglaries the burglaries which mr. best compatriots testified to committing with mr. best mr. best later admitted that he had tested that he had committed those burglaries he later said on the record that those witnesses were correct and telling the truth with regard to those burglaries so for those reasons he the district court properly found this was not a chronic case and therefore turned to Strickland and finding no cause the court also said there was no prejudice partially because of the infirmities and the argument that the Feltner's testimony was so important but also because mr. best admitted his guilt with regard to every count in the indictment save two one was the death resulting count which would have gotten him a life sentence and the second was the 924 C brandishing and furtherance of a drug trafficking offense the jury acquitted on the death resulting count but did convict him on the brandishing count miss Feltner's testimony had nothing to do with that she was not present in fact only three people were present mr. best who admitted parts of the events that occurred that day the drug dealer that he was trying to hoodwink mr. do black and the driver that brought mr. do black to mr. best home that was a name Cerny and if you look in these I apologize are not in the record because mr. best notably in his brief his opening brief only argued that he was entitled to a presumption of prejudice and made no argument factual argument as to why there was prejudice here and in his reply brief kind of backs off the notion that chronic applies and simply wants an evidentiary hearing so I didn't address prejudice factually in great detail in my brief but I can provide these parts of the record if the court would like it's the testimony of mr. do black and mr. Cerny I'm sorry we need to get to to chronic at all here I don't believe you do your honor okay I'll just I'm sorry you can proceed okay just two individuals mr. Levinson did cross-examine each of those individuals and these this testimony is a docket 433 434 on the docket mr. Cerny was cross-examined for an equal amount of time that he was on direct and mr. do black was actually cross-examined longer than he was on direct and I can I'm happy to submit those in a supplemental appendix if the court would like but they're also available on the docket at docket entry 434 the district court docket so with that we believe that mr. best even if he could prevail on a claim on a cause claim he could not show prejudice and therefore his motion was properly denied and for all the reasons I've already stated properly denied without an evidentiary hearing and we would ask the court to affirm on those grounds okay that's all I have thank you okay judge Hardiman judge matey do everything more no okay all right thank you counsel we'll hear again from from from mr. Merenstein thank you your honor just very briefly a few points in rebuttal I mean first just to be absolutely clear and I'm not sure where my friend got this notion from our reply brief but we certainly don't back off the contention that chronic applies here I mean this Kate this claim is based on mr. best allegation that his counsel slept during substantial portion of the trial and therefore assuming this court agrees with every circuit court to address the issue chronic applies and there's a presumption of prejudice so so we have not backed off that a couple other points in virtually all of the cases I need to see this is one of the rare exceptions but it look I'm almost certain in all of the circuit court cases are just like mr. best case where the non-lawyer defendant the defendant who was not a lawyer just like mr. best is not a lawyer did not raise the issue of his counsel or her counsel sleeping at the time of the trial I mean some of those cases the evidentiary hearing for example in Burdine took place ten years after the original trial so it's certainly not unusual for a non-lawyer like mr. best to not understand the significance or whether or not there's any relief available for his counsel sleeping it's something he discussed with his family at the time was to do about it until he got other counsel 2255 motion counsel you know many years later so I think it's unreasonable to expect a non-lawyer such as mr. best to know exactly what he should do at the time in to fault him for not bringing to the court's attention at the time of his trial in 2014 his counsel sleeping in terms of mr. best comments at his sentencing I think you know the Supreme Court in chronic itself said it best in saying that we put no weight on defendants expression of satisfaction with counsel's performance I mean I think as we said in our brief you certainly if every time a defendant who was convicted expressed satisfaction with this counsel at the time of sentencing or after conviction if that essentially precluded a later ineffective assistance claim there would be no ineffective assistance claims that could ever prevail that certainly is not grounds for denying the ultimately that the I think the bulk of the government's argument is that there were pleading insufficiencies here I mean you know mr. would frequently mentioned the fact which is true that mr. best 2255 motion was a counsel motion he had counsel for that and because of that the government appears to be arguing that he should have done a better job of pleading his claim the fact is he pled a number of claims he had other claims he believed were and other issues regarding the sentence this was one of those claims I think that under this court standards under the plain language of 2255 that I think it is clear that his claims were not clearly frivolous and that the record in the motion do not conclusively show that he was not entitled to relief the court did err and not giving him the opportunity to present evidence at a hearing to demonstrate that his claim had merit I got two questions for you one's a practical one and that is assume we we agree with you where does this thing go from here well I think as I alluded to in answering some of the earlier questions I think there's essentially two options the court could as an interim step say to mr. best you can expand the record under rule 7 you can I'm not sure traditional discovery as in taking discovery of the government is you know necessary here or appropriate but you can expand the record I'll give you two months get affidavits get evidence and then I will reevaluate under the standards again very low threshold for getting a hearing but I'll reevaluate again take a hypothetical that mr. best doesn't present anything else that that the jurors refuse to cooperate that they say we're not we don't remember anything we're not going to say anything and he has no evidence to present at that point there's no point of a hearing at that point and so I think it's likely the court is going to reach the same result whether or not that's correct I don't know it depends on what the record shows maybe I'll be more specific is there a plan right now I mean are you able to tell us hey if we get the chance we're gonna do this and that I think we're gonna do exactly what I just suggested absolutely your honor again remember that when he filed the motion you know he's not allowed to take discovery etc without the court's permission as well he has a number of different claims he believes they all have merit he wants a hearing if he gets a hearing he's gonna you know gather the evidence investigation he's got it you know a higher investigator I'm just asking you something very specific right you do we send it back what happens then he's going to he's gonna pursue from the jurors certainly and in all these cases besides the defendant him or herself the jurors of the primary witnesses but he's gonna pursue any other witnesses who are observers and he's going to gather evidence and when the court schedules a hearing he's gonna present that evidence I mean that's exactly what's gonna happen that's all he's asking for at this point all right well let me let me get to my second question that is I mean I'm reading the the district courts opinion it there's a finding the court finds at best has totally failed to show that counsel slept during any portion much less a substantial portion of the trial how do we review that is that clearly erroneous you know that's a high hill I don't think that I don't think that the court under the 2255 or the rules governing 2255 or the case law is entitled to make a factual finding without holding a hearing I mean that the record and there's nothing that the court points to either than it's all right so you're saying the judge has to testify but again I think it's different at this stage we're talking about the pleading stage you're saying have a hearing but the judge is making a finding the judge in this case made a I was there this didn't happen what I hear you saying is that finding is ineffective absent a hearing I think in a minimum it's ineffective absent a hearing in the circumstances of this case where you've got an eight-day trial with many witnesses four years ago and the question is not you know mr. best does not have to demonstrate that his counsel slept through the entire trial if that were the standard and the court said I was there I saw him awake this time that time when he cross-examined this witness that witness that would be different I mean that would be hard to argue that the court is not entitled to reach that conclusion if the standard were that mr. best has to show that the council slept their entire trial but that's clearly not the standard and given what the standard is and given what the courts have interpreted substantial portion of the trial to me given that this was an eight-day trial with many witnesses I do think that the court is not entitled at the pleading stage to just simply summarily say I disagree he did not sleep during a substantial portion of the trial I don't I don't think that the court is entitled to make that as a finding I think that following a hearing after evaluating the testimony and the evidence the court can say considering all of that as well as my own recollection of what happened to trial here is my finding I don't think the court can do that at the pleading stage under the circumstances of this judge Hardiman judge maybe anything more okay all right we thank counsel for their excellent argument in briefing today and we'll take the case under advisement